UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ZAZIIZ S. L. DINKINS,                    :
                                         :

          Plaintiff,            :

       v.                          :        23 Civ. 10660 (RFT)
                                         :

ALEJANDRO MAYORKAS, SECRETARY OF   :        **STIPULATION AND ORDER OF**
HOMELAND SECURITY, et al.,            :        **SETTLEMENT AND**
                                         :        **DISMISSAL**

          Defendants.      :
-------------------------------------------------------------x

WHEREAS, Plaintiff Zaziiz S. L. Dinkins ("Plaintiff") filed an amended complaint (the "Complaint") in the above-captioned matter (the "Action") on May 1, 2024, *see* Dkt. No. 60, against Alejandro Mayorkas, Secretary of Homeland Security, and Merrick Garland, Attorney General of the United States (the "Government");

WHEREAS, the Complaint alleged claims against the Government arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*;

WHEREAS, on November 20, 2024, Plaintiff and the Government (collectively, the "Parties") engaged in a settlement conference before United States Magistrate Judge Ona T. Wang (the "Settlement Conference");

WHEREAS, shortly after the Settlement Conference, the Parties reached an agreement in principle regarding the terms of a settlement that would resolve all of Plaintiff's claims against the Government in the Action;

WHEREAS, the Parties wish to memorialize their resolution of the issues raised in the Action without further proceedings and to obtain an Order from this Court encompassing the terms of said settlement;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties that the Action shall be resolved as follows:

1.      The Action is hereby dismissed with prejudice, and without costs, expenses, or fees to any party, except as specified in paragraph 2, below.

2.      As soon as practicable after entry by the Court of this Stipulation, and in consideration of the promises made herein by Plaintiff, the Government agrees to pay to Plaintiff the sum of twenty-five thousand dollars ($25,000.00) to settle all her claims against the Government (the "Settlement Amount") via direct deposit using bank routing information to be supplied by counsel for Plaintiff.[1]  The Government also agrees to: (a) issue a letter to Plaintiff that does not admit liability in the case but acknowledges Plaintiff's feelings regarding the allegations in Plaintiff's Complaint; (2) remove from Plaintiff's Official Personnel File at the Federal Emergency Management Agency ("FEMA") an SF-50 Form documenting the Complainant's termination, effective date February 3, 2020, and inserting instead an SF-50 Form indicating that Plaintiff voluntarily resigned from FEMA; and (3) require two United States Department of Homeland Security employees to participate in training related to the issues raised in the Complaint (collectively with the Settlement Amount, the "Settlement Terms").

3.      Plaintiff agrees to complete, sign, and submit any documents necessary to effectuate the terms of this Stipulation, no later than seven (7) calendar days after it is requested by the Government.

---

[1] The Government makes no representation as to Plaintiff's tax liability as a result of the payment.

4.      Plaintiff agrees that she will not seek, apply for or accept any positions with the United States Department of Homeland Security, including its components, in the future.

5.      Except as provided in Paragraph 6 below, Plaintiff agrees to accept the Settlement Terms in full settlement and satisfaction of any and all claims and demands that she or her heirs, executors, successors in interest, administrators, or assigns may have or hereafter acquire against the Government or any of its present or former departments, agencies, agents, officials, or employees, arising from or related to the facts, events, and circumstances giving rise to the Action, and any claims incident thereto. Plaintiff hereby expressly releases and forever discharges the Government, including its present or former departments, agencies, agents, officials, or employees, from any and all liability arising directly or indirectly from the facts, events, and circumstances giving rise to the Action, and any claims incident thereto.

6.      This Stipulation includes a waiver of claims Plaintiff has made or could have made under the ADEA up to the effective date of this Stipulation. The Stipulation does not include the waiver of any rights or claims that may arise after the effective date of this Stipulation. The Older Workers Benefit and Protection Act requires Plaintiff to be advised in writing to consult an attorney before signing a waiver agreement, and this notice satisfies that requirement. The signature below affirms that Plaintiff has been provided with reasonable and sufficient time to consider this Stipulation. Plaintiff may revoke this Stipulation for a period of seven (7) days following execution of the Stipulation upon written notification to the Court and the Government.

7.      This agreement shall not constitute an admission of liability or fault on the part of the Government or Plaintiff.

8.    The Government shall pay the Settlement Amount, and undertake the other Settlement Terms, only after execution by the Parties and entry by the Court of this Stipulation and Order.

9.    Settlement of this action is without costs or interest and shall be considered full satisfaction of Plaintiff's claims for all monetary and non-monetary relief in the Action, including all attorney's fees, costs, and other litigation expenses.

10.    Plaintiff understands that taxes are not being withheld from the Settlement Amount. Plaintiff represents and warrants that she shall assume all responsibility for any liability or claim of liability for any amounts assessed by or due to any federal, state or local government or agency thereof, including, but not limited to, workers' compensation liens, medical liens, and federal, state or local taxes owed in connection with her receipt of the Settlement Amount.

11.    Nothing in this Stipulation prevents any individual, including Plaintiff, from disclosing information to, or otherwise cooperating with, an Office of Inspector General, an Office of General Counsel, a member of committee of Congress, or the Office of Special Counsel.  In addition, nothing in this Stipulation prevents any individual, including Plaintiff, from disclosing information that such individual reasonably believes evidences any violation of any law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, a substantial and specific danger to public health or safety, or censorship related to scientific integrity.

12.    The Parties have cooperated in the drafting and preparation of this Stipulation and Order.  The language of this Stipulation and Order shall not be construed for or against any Party by reason of authorship.

13.    Plaintiff represents and agrees that she has had the opportunity to discuss this Stipulation with her counsel and that she is aware of her right to discuss this matter with an attorney

chosen by her, and that she has read and fully understands all the provisions of this Stipulation, and that she is voluntarily entering into this Stipulation.

14.    The Court shall retain jurisdiction to resolve any dispute that should arise with respect to the terms and enforcement of this Stipulation and Order of Settlement and Dismissal.

15.    The Parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.  This Stipulation and Order will become effective only when approved by the Court, and if not so approved shall be null and void, with no force or effect.

16.    The Parties understand and agree that a facsimile or electronic copy of signatures may be presented to the Court with the same force and effect as original signatures.

SO STIPULATED AND AGREED TO BY:

Dated: New York, New York
~~December ___, 2024~~
January 2, 2025

Dated: New York, New York
~~December 20, 2024~~
January 3, 2025

EDWARD Y. KIM
Acting United States Attorney
Southern District of New York

By: _____

CHRISTIE R. MCGUINNESS
RYAN M. JEROME
Saul Ewing LLP
1270 6th Ave #2005
New York, NY 10020
Tel.: (212) 980-7205
E-mail: christie.mcguinness@saul.com
*Attorneys for Plaintiff*

By: _____

ADAM M. GITLIN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2734
E-mail: adam.gitlin@usdoj.gov
*Attorney for the Government*

By: _____    12-31-2024

ZAZIIZ S. L. DINKINS
*Plaintiff*

SO ORDERED.

_____
HON. ROBYN F. TARNOFSKY
United States Magistrate Judge

Dated:  New York, New York
        December ___, 2024